**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4431**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DEMETRIUS ALVIN BOYD,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:11-cr-00365-AW-1)

Submitted: April 10, 2013        Decided: April 19, 2013

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Marc Gregory Hall, HALL & CHO, P.C., Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Hollis R. Weisman, Assistant United States Attorney, Paul K. Nitze, Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Alvin Boyd appeals the denial of his motion to suppress evidence and his conviction for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006). Boyd argues that the arresting officer lacked probable cause to arrest him and that the search incident to arrest was therefore unlawful. Boyd also argues that the evidence was insufficient to sustain his conviction for possession with intent to distribute marijuana. We affirm.

We review the legal conclusions underlying a district court's ruling on a motion to suppress de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). "We . . . construe the evidence in the light most favorable to the Government." Id. A police officer may lawfully arrest an individual if the "officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence." Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).

Here, the officer observed Boyd sleeping in his car in a moving lane of traffic, detected an odor of alcohol, noticed Boyd's bloodshot and watery eyes, heard Boyd's admission to having a few drinks that evening, and conducted two tests for intoxication, both of which indicated Boyd's consumption of alcohol. Based on the officer's observations and Boyd's

2

behavior, we conclude that there was sufficient probable cause to effectuate an arrest. Boyd's challenge to the denial of his suppression motion thus fails.

We review the denial of a motion for judgment of acquittal de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, the verdict of a jury must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and brackets omitted). "We must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established" in determining whether any rational trier of the facts could have found the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

A complete review of the record confirms that there was sufficient evidence to support Boyd's conviction for possession with intent to distribute marijuana. See United States v. Penniegraft, 641 F.3d 566, 572 (4th Cir.) (setting forth elements of offense), cert. denied, 132 S. Ct. 564 (2011). To the extent Boyd testified that the marijuana seized during his arrest was for his personal use rather than distribution,

3

"the jury decides which interpretation to believe" when "the evidence supports different, reasonable interpretations." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). We thus conclude that Boyd's challenge to the sufficiency of the evidence fails.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4